

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 24, 1958

Honorable Earl Rudder
Commissioner, General Land Office
Austin, Texas

Opinion WW-348

Re: Under Article 5421i,
V.C.S., have the
primary terms of two
leases been suspended
in view of the fact
that Humble Oil & Re-
fining Company had a
lease not only from
the State but also
from the City of Tyler
and Smith County? And
related questions.

Dear Commissioner Rudder:

In your recent opinion request of this office
you state the following facts:

"On October 10, 1951, the Commissioner
executed an oil and gas lease to Humble Oil
& Refining Company covering Tract 3, Tyler
State Park, Smith County, and on April 1, 1952,
the Commissioner executed an oil and gas lease
to Humble covering Tract 1 of the park. Both
of these leases were issued under the pro-
visions of Article 5382d, V.C.S., and were
for a primary term of five years. All rentals
due under the leases have been paid.

"On April 12, 1955, during the primary
term of these leases the City of Tyler and
Smith County filed a suit against the State
of Texas, Humble Oil & Refining Company, and
other parties in which they sought to recover
title to and possession of the land described

in the above leases, as well as other lands.
This suit is styled The City of Tyler, Texas,
et al v. The State of Texas, et al, No. 22599-A,
7th Judicial District Court of Smith County,
and is still pending. Your department has a
file on this suit.

"On June 22, 1956, Humble Oil & Refining
Company secured an oil, gas, and mineral lease
from the City of Tyler, and on June 25, 1956,
Humble secured an oil, gas, and mineral lease
from Smith County, both of these leases covering
the land here involved. Each lease was for a
primary term of one year and both have termi-
nated. During the primary terms of all of the
leases; i.e., from the State, County, and City
Humble drilled a well which was completed as
a dry hole and abandoned on September 11, 1956."

You then ask if the primary terms of the two
leases in question have been suspended by virtue of Article
5421l, V.C.S., in view of the fact that the lessee had leases
not only from the State but also subsequently acquired leases
from the City of Tyler and Smith County.

Article 5421l reads as follows:

"Art. 5421l. Suspension of running of pri-
mary term of oil and gas lease pending litigation.

"The running of the primary term of any
oil, gas, or mineral lease heretofore or hereafter
issued by the Commissioner of the General Land
Office, which lease has been, is, or which may
hereafter become involved in litigation relating
to the validity of such lease or to the authority
of the Commissioner of the General Land Office
to lease the land covered thereby, shall be sus-
pended, and all obligations imposed by such
leases shall be set at rest during the period
of such litigation. After the rendition of final
judgment in any such litigation, the running of
the primary term of such leases shall commence
again and continue for the remainder of the
period specified in such leases, and all obliga-
tions and duties imposed thereby shall again be
operative provided such litigation has been in-
stituted at least six (6) months prior to the
expiration of the primary term of any such leases.

> Provided, further, that the lessee shall pay
> all annual delay rentals and any royalties
> which accrue during the period of litigation
> the same as during any other period of the
> extended primary term. Such rentals paid
> during the litigation period shall be held
> in suspense and returned to the lessee in the
> event the State is unsuccessful in any such
> litigation. As amended Acts 1951, 52nd Leg.,
> p. 750, ch. 406, Sec. 1." (Emphasis added.)

The provisions of this statute are for the benefit of the State's lessee and such provisions are as much a part of any lease authorized by Article 5382d, V.C.S., as though embodied in the lease form itself. The statute clearly and unequivocally provides that "the running of the primary term of any oil, gas, or mineral lease heretofore or hereafter issued by the Commissioner of the General Land Office . . . which may hereafter become involved in litigation relating to the validity of such lease . . . shall be suspended and all obligations imposed by such leases shall be set at rest during the period of such litigation".

The leases in question were issued by the Commissioner of the General Land Office. The validity of such leases were put in question by the suit styled The City of Tyler, et al v. The State of Texas, et al, No. 22599-A, 7th Judicial District Court, Smith County. Under such circumstances the statute unequivocally provides for the suspension of the running of the primary term of such lease.

However, your opinion request inferentially raises the question of whether Humble's taking a protection lease from the City of Tyler and Smith County and its drilling a dry hole amounted to a waiver of the rights conferred by Article 5421i.

We do not believe the two protection leases taken by Humble from the City of Tyler and Smith County constitute a waiver by Humble of the rights conferred to Humble under Articles 5382d and 5421i. This action by Humble is not inconsistent with Article 5421i. In fact Humble has continued to pay delay rentals up to the present time indicating an intent to accept the provisions of Article 5421i, not an intent to waive the rights conferred by said article.

Humble's drilling of a well is not inconsistent with Article 5421i. This article provides that royalties shall be paid during the period of the extended primary term

of such a lease, thus contemplating development on the part
of the lessee during the primary term or extended primary
term of a state lease. We do not believe Humble's taking
of the two protection leases and attempted development of
the area evidences an intent to waive the rights conferred
by Article 5421i.

Therefore we inform you that the primary terms
of the two leases in question have been and are suspended
by the provisions of Article 5421i, V.C.S., pending liti-
gation in the City of Tyler case.

## SUMMARY

The primary terms of the oil and gas lease
executed by the Commissioner of the General
Land Office on October 10, 1951, in favor
of Humble Oil & Refining Company, covering
Tract 3, Tyler State Park, Smith County, and
the lease executed by the Commissioner of the
General Land Office on April 1, 1952, in favor
of Humble Oil & Refining Company, covering
Tract 1 of the Tyler State Park, Smith County,
are suspended during the period of litigation
of the suit styled The City of Tyler, et al
v. The State of Texas, et al, Cause No. 22599-A,
7th Judicial District Court of Smith County,
by virtue of Article 5421i, V.C.S.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
    Milton Richardson
    Assistant

MR:bh

APPROVED:

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

Wayland Rivers
Morgan Nesbitt
Mary K. Wall

REVIEWED FOR THE ATTORNEY
GENERAL BY:

W.V. Geppert